GALLAGHER v. KEATING et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

PUBLIC NUISANCE—REMEDY—SUIT BY PRIVATE PERSONS.
> The construction of a street railway in a public street under a void charter constitutes a public nuisance which will not be restrained, even before the commencement of the work, at the private suit of a taxpayer who has suffered no special injury.

On motion for reargument. Denied.
For prior report, see 57 N. Y. Supp. 632.
Reargued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

PER CURIAM. The motion for reargument seems to be based upon the theory that the permits which were issued were so is-

sued without authority of law, and conferred no right whatever upon the defendants to make the erection upon which the complaint was based; and in support of this claim the defendants rely upon Ghee v. Gas Co., 158 N. Y. 510, 53 N. E. 692. It is undoubtedly true that this decision settles the law that the granting of a franchise can only be made by the municipal assembly, and that the authority conferred upon administrative officers has relation only to the supervision of the manner and method in which the work upon the public streets is to be performed. Assuming this to the fullest extent claimed by the appellant, such conclusion furnishes no ground for reargument in this case. In the discussion by the court in the opinion determining the question presented by the appellant it was assumed that, if such permits were in fact illegal, and constituted no protection to the defendants, or conferred no authority to make the erection, yet the result would not be different for the reason that the plaintiff had no standing as a taxpayer to maintain the action; and this proceeded upon the theory that, as the entry had already been made, and the foundation laid in the streets, the case was not one in which the law recognized the right of intervention by a taxpayer, as the remedy was abundant, either by civil action on the part of the authorities or by indictment for the creation and maintenance of a nuisance. Consequently the Ghee Case does not require a different determination than was expressed in the conclusion reached by the court. The only change possible in this assumption is the claim by the appellant that the superstructure was not in fact erected at the time when the action was commenced, and that, therefore, it may not be said that the illegal action of which complaint is made had been consummated. We do not think, however, that this changes the rule. It is not made to appear that the plaintiff suffers any special damage by reason of illegal acts. If illegal, the structure constituted a nuisance common to the general public, and therefore vests in the plaintiff no right of action, as redress for such act is found in a public prosecution on behalf of the general public, or by a person suffering special injury thereby. It may well be doubted whether the use made of the street, under the circumstances of this case, constituted the same a franchise therein; but upon this question it is not necessary to express any opinion. We see no reason why a reargument of this case should be had, and, as the remedy for the abatement of the illegal structure is ample and complete in the public authorities by well-settled proceedings to abate the nuisance, no reason appears why an appeal to the court of appeals should be permitted.

The motion for a reargument should be denied.